Case No. 25-584

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

*In re* THE PEOPLE OF THE STATE OF CALIFORNIA

*Petitioner.*

THE PEOPLE OF THE STATE OF CALIFORNIA

*Petitioner - Plaintiff,*

– v. –

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

*Respondent,*

THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,

*Real-Parties-In-Interest – Plaintiffs,*

– v. –

META PLATFORMS INC., et al.,

*Real-Parties-In-Interest – Defendants.*

## STATE AGS' STATUS REPORT

| | |
|---|---|
| PHILIP J. WEISER<br>Attorney General | KRISTA BATCHELDER<br>Deputy Solicitor General |
| SHANNON STEVENSON*<br>Solicitor General | DANNY RHEINER*<br>Assistant Solicitor General |
| Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>Telephone: 720-508-6000<br>Email: Danny.Rheiner@coag.gov | *Attorneys for State of Colorado*<br><br>*(Additional counsel on signature page)*<br><br>*Counsel of Record |

March 13, 2025

The California AG filed a mandamus petition asking this Court to order the district court to overturn the magistrate judge's order allowing Meta to obtain party discovery from state agencies. Dkt. 1.1. The next day, a coalition of 27 additional State AGs ("AGs") joined the California AG's petition. Dkt. 8.1.

The Court stayed resolution of the petition until the district court had ruled on the AGs' objection to the magistrate judge's order. Dkt. 33.1. The Court ordered petitioner to file a status report or request for relief within seven days after the district court ruled on the objection.[1] *Id.*

Shortly thereafter, the district court ruled on the objection. Ex. 1. While the district court reversed portions of the order with regard to certain AGs,[2] it largely affirmed the magistrate judge's order. *Id.* at 1. The district court relied on the same faulty logic as the magistrate judge, concluding that "the AG[s] ha[ve] the effective authority to

---

[1] Because the AGs have joined the California AG's petition and requested identical relief, they ask for leave to be heard here to clarify what further relief is needed.

[2] The order provided partial relief to the AGs of Delaware, Kansas, Louisiana, Missouri, Nebraska, Rhode Island, South Carolina, and Wisconsin. In light of the order, those states no longer seek relief from this Court.

1

mandate that [they] represent the agenc[ies] in connection with this litigation" and "by extension have a right to access relevant documents in their possession for purposes of discovery." *Id.* at 15. As the California AG argued in its mandamus petition, and as the AGs echoed in their joinder, this conclusion is clearly erroneous as a matter of law. Because the district court's order failed to correct the magistrate judge's erroneous conclusion, the relief requested by the AGs is still necessary.

While this mandamus action has been pending, a related issue has arisen that underscores the importance of the relief the AGs seek: the magistrate judge issued a written order allowing 30(b)(6) depositions that purport to require testimony on behalf of the entire state—including state agencies—to proceed. Dkt. 27.2, pp. 35–41. In making this ruling, the magistrate judge doubled down on his erroneous logic, concluding that because an AG brings enforcement actions in the name of the state, the entire state—including state agencies—is a party. *Id.* at 40. The AGs objected to the order. However, the district court did not order Meta to file a response within 14 days,

2

meaning that the objection is "deemed denied." N.D. Cal. Local Rule 72-2(d).

While the district court's order on the AGs' objection did not address 30(b)(6) depositions, it appeared to endorse the magistrate judge's reasoning. Specifically, the district court held that the fact that the states were named plaintiffs in the suit "weigh[ed] in favor of finding [ ] control with respect to *all* AGs." Ex. 1, p. 10 (emphasis in original). Because the magistrate judge's order allowing 30(b)(6) depositions to proceed relied on the same flawed reasoning as the district court's order on the objection, it is especially important for this Court to promptly reject the district court's ruling so that the AGs can seek reconsideration of the 30(b)(6) deposition order as well.

The AGs request that the Court:

1. Order the parties to submit supplemental briefs addressing the district court's order largely rejecting the AGs' objection to the extent those briefs would be helpful to the Court;

2. Reverse the district court's order largely rejecting the AGs' objection and remand with instructions to deny Meta's request to obtain party discovery from state agencies;

3

3. Stay all orders allowing Meta to obtain party discovery from state agencies.

Dated: March 13, 2025

        Respectfully Submitted,

        PHILIP J. WEISER
        Attorney General

        */s/Danny Rheiner*
        Shannon Stevenson* CO Bar No. 35542
        Solicitor General
        Krista Batchelder
        Deputy Solicitor General
        Danny Rheiner* CO Bar No. 48821
        Assistant Solicitor General
        1300 Broadway, 10th Floor
        Denver, CO 80203
        Telephone: (720) 508-6000
        Email: Danny.Rheiner@coag.gov
        *Attorneys for the State of Colorado*
        *Counsel of Record

4

| | |
|---|---|
| **MATTHEW J. PLATKIN**<br>Attorney General<br>State of New Jersey<br><br>*/s/ Kashif T. Chand*<br>Kashif T. Chand (NJ Bar No. 016752008)<br>Section Chief, Deputy Attorney General<br>New Jersey Office of the Attorney General,<br>Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>Kashif.Chand@law.njoag.gov<br><br>*Attorney for Plaintiffs New Jersey Attorney General*<br>*and the New Jersey Division of Consumer Affairs*<br>*Matthew J. Platkin, Attorney General for the State of*<br>*New Jersey, and Cari Fais, Director of the New*<br>*Jersey Division of Consumer Affairs* | **RUSSELL COLEMAN**<br>Attorney General<br>Commonwealth of Kentucky<br><br>*/s/ John H. Heyburn*<br>John H. Heyburn<br>Principal Deputy Solicitor General<br>Office of Kentucky Attorney General<br>700 Capital Avenue, Suite 118<br>Frankfort, Kentucky 40601<br>(502) 696-5300<br>Jack.Heyburn@ky.gov<br><br>*Attorney for Plaintiff the Commonwealth of Kentucky* |

5

## CERTIFICATE OF SERVICE

I certify that I served the foregoing motion upon all parties herein by e-filing with the CM/ECF system maintained by the Court, this 13th day of March, 2025.

/s/ *Danny Rheiner*
Danny Rheiner

6