No. 25-584
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

*In re* THE PEOPLE OF THE STATE OF CALIFORNIA,

*Petitioner*.
_____

THE PEOPLE OF THE STATE OF CALIFORNIA,

*Petitioner – Plaintiff,*

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

*Respondent*.
_____

THE PEOPLE OF THE STATE OF CALIFORNIA,

*Real-Parties-In-Interest – Plaintiffs,*

v.

META PLATFORMS INC., ET AL.,

*Real-Parties-In-Interest – Defendants.*
_____

**META'S OPPOSITION TO PROPOSED INTERVENOR STATES' MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**
_____

Ashley M. Simonsen  
COVINGTON & BURLING LLP  
1999 Avenue of the Stars  
Los Angeles, CA 90067  
Telephone: (424) 332-4800  

Paul W. Schmidt  
Mark W. Mosier  
COVINGTON & BURLING LLP  
One CityCenter  
850 Tenth Street, NW  
Washington, DC 20001  
Telephone: (202) 662-6000  

*Counsel for Real-Parties-In-Interest – Defendants Meta Platforms Inc., et al.*

## INTRODUCTION

The State of California is the sole petitioner in this mandamus proceeding. Proposed Intervenor States[1] chose not to file a mandamus petition, and instead filed a motion to intervene in California's proceeding. That motion was both procedurally and substantively improper and the Court has not ruled on it. Even though the Court has not ruled on the pending motion, Proposed Intervenor States now seek leave to participate in oral argument.

The Court should deny the motion because it has not permitted them to intervene in this proceeding. It should also deny the motion because Proposed Intervenor States' participation at oral argument would distract from the question presented, which relates only to California. Proposed Intervenor States seek argument time to assert individualized, state-specific reasons why each of the twenty remaining States are entitled to relief. But the issue before the Court is limited to whether California is entitled to relief.

---

[1] "Proposed Intervenor States" includes "Arizona, Colorado, Connecticut, Hawai'i, Illinois, Indiana, Kentucky, Maine, Maryland, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Dakota, Virginia, Washington, and West Virginia." Dkt. 53.1 at 1–2. Delaware, Kansas, Louisiana, Nebraska, Rhode Island, South Carolina, and Wisconsin dismissed their request to intervene after the District Court granted their request for relief. *Id.* at 4 n.1.

1

If Proposed Intervenor States are permitted to participate in oral argument, they should split the time allotted to California. Or, at minimum, Meta should be given an equal amount of time to respond to Proposed Intervenor States' arguments.

## BACKGROUND[2]

On January 29, 2025, California filed a petition for writ of mandamus seeking review of a Magistrate Judge's order determining that documents and other information held by certain California executive agencies were subject to party discovery under Federal Rule of Civil Procedure 34. *See generally* Dkt. 1.1. California filed this petition before the District Court had ruled on its objections to the Magistrate Judge's Order.

Proposed Intervenor States chose not to file a mandamus petition. They instead filed a "motion to intervene" in California's mandamus proceeding. Dkt. 8.1. Despite being labeled a "motion to intervene," the filing neither complies with the rules for motions nor presents any argument for intervention. *See id.* Meta moved to strike the intervention motion as procedurally and substantively improper. Dkt. 19.1. Meta explained that the intervention motion violates several Federal and Circuit Rules, not least Rule 27's requirement that the motion state with particularity the legal argument necessary to support it. *Id.* at 12.

---

[2] For a complete factual background of this discovery dispute, *see* Meta's Opposition to Motion to Intervene & Cross-Motion to Strike Motion to Intervene (Dkt. 19.1) at 3–10.

2

In response, Proposed Intervenor States asserted that they do not, in fact, seek to intervene and only titled their motion as seeking intervention because the Court's filing system did not "offer a selection to file a joinder." Dkt. 27.1 at 4. Despite recognizing that they seek individualized relief, *see id.* at 3, Proposed Intervenor States urged the Court to construe their motion as a "joinder" under Rule 28(i) because the filing purportedly "adopts, not responds to," California's arguments, even though the moving States made no argument under California law. *Id.* at 2–3 & 3 n.1. Both the motion to intervene and the cross-motion to strike remain pending before this Court.

After surveying the laws of California and the other objecting States, the District Court affirmed the Magistrate Judge Order and held that certain state agencies in California and most other States were subject to party discovery under Federal Rule of Civil Procedure 34. SER-9.[3] As ordered by this Court, California filed a "status report" following the District Court's ruling. Dkt. 34.1. In addition, although they were not ordered to do so, Proposed Intervenor States filed their own status report. *See* Dkt. 35.1.

---

[3] Because Delaware, Kansas, Louisiana, Nebraska, Rhode Island, South Carolina, and Wisconsin obtained relief from the District Court, SER-8–9, they dropped their request to intervene in this mandamus proceeding and do not join in the instant motion for oral argument. Dkt. 53.1 at 4 n.1.

3

After California filed its status report, this Court ordered Meta to answer California's Petition, which it has done. Dkt. 36.1; Dkt. 44.1. The Court also invited the District Court to file an answer "if it so desire[d]." Dkt. 36.1 at 2. The District Court did not do so. This Court did not order or invite Proposed Intervenor States to respond, but they nevertheless filed an unsolicited reply in support of mandamus relief. *See* Dkt. 50.1.

On June 1, 2025, the Court set oral argument in this case for August 12, 2025. Dkt. 51. The Court granted California and Meta twenty minutes each for argument. The Court did not provide any argument time for Proposed Intervenor States.

## ARGUMENT

**I. The Court Should Deny the Motion Because Proposed Intervenor States Have Not Been Permitted to Intervene and Their Participation Will Distract from the Question Presented, Which Relates Only to California.**

This Court should deny Proposed Intervenor States' motion for leave to participate in oral argument for the simple reason that it has not granted their motion to intervene. Nor should the Court grant Proposed Intervenor States' intervention motion to permit them to participate in oral argument. As Meta explained in its motion to strike, *see* Dkt. 19.1, Proposed Intervenor States did not provide any argument in support of their intervention. They neither cited the test for intervention, nor did they explain how they met it. Nor did they comply with the Rules governing motions. Aside from failing to "state with particularity[,]" among other things, "the

4

legal argument necessary to support" their motion, Fed. R. App. P. 27(a)(2)(A), Proposed Intervenor States submitted an overlong "motion" without seeking leave to file an oversize motion. *See* Cir. R. 27-1(1)(d), 32-3.

The Court should also deny the motion because Proposed Intervenor States' participation in oral argument would not benefit the court. In prior filings, Proposed Intervenor States have asserted that they were "adopt[ing]" California's arguments. Dkt. 8.1. at 1; *see also* Dkt. 27.1 at 7 n.3. But Proposed Intervenor States have not identified any reason why California will not adequately present its position at oral argument.

Proposed Intervenor States now request time to present oral argument on issues relating to twenty other States. But the Petition presents only the question whether the District Court's Order "contravenes California's constitution and long-settled state law." *See* Dkt. 1.1. Allowing Proposed Intervenor States to address the laws of twenty other states would only detract from argument on the issue before the Court.

If this Court were to grant Proposed Intervenor States leave to participate in oral argument, it would effectively invite twenty States to raise new issues for the first time at oral argument. That approach would prejudice Meta because the Court has not allowed Proposed Intervenor States to intervene or permitted Meta an opportunity to respond to their state-specific arguments. That result would be

contrary to the Court's typical practice. *See, e.g.*, *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012) (recognizing this Court "do[es] not consider issues raised for the first time during oral argument" if "the appellee would … be prejudiced by such consideration").

## II. Alternatively, California and Proposed Intervenor States Should Divide the Time Allotted to California.

Rule 34(b) contemplates the allotment of "time allowed for each side" at oral argument. *See* Fed. R. App. P. 34(b) advisory committee's note (1967). Under the Rule, "side" connotes "interests rather than … individual parties." *Id.* It follows that "if multiple appellants or appellees have a common interest, they constitute only a single side." *Id.* If the Court is inclined to grant this motion, it should accept the States' argument that they have "join[ed]" California's Petition, *see* Dkt. 8.1 at 1, require California and Proposed Intervenor States to split the argument time, and limit Proposed Intervenor States to addressing the issues raised in the Petition. Alternatively, if the Court permits additional argument time for Proposed Intervenor States to participate in oral argument and permits them an opportunity to argue for individual, state-specific relief, Meta—as the sole party representing the "opposing interest," *see* Fed. R. App. P. 34(b)—respectfully requests a commensurate increase in its allotted oral argument time so that it may respond to Proposed Intervenor States' arguments.

## CONCLUSION

For the foregoing reasons, this Court should deny Proposed Intervenor States' motion to participate in oral argument.

June 30, 2025                                    Respectfully submitted,

By: */s/ Mark W. Mosier*

Ashley M. Simonsen                               Paul W. Schmidt
COVINGTON & BURLING LLP                          Mark W. Mosier
1999 Avenue of the Stars                         COVINGTON & BURLING LLP
Los Angeles, CA 90067                            One CityCenter
Telephone: (424) 332-4800                        850 Tenth Street, NW
                                                 Washington, DC 20001
                                                 Telephone: (202) 662-6000

*Counsel for Real-Parties-In-Interest – Defendants Meta Platforms Inc., et al.*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of F.R.A.P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and accompanying documents authorized by F.R.A.P. 27(a)(2)(B), this document contains 1,397 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, Version 2402 in 14-point font, Times New Roman.

Dated: June 30, 2025

*/s/ Mark W. Mosier*
Mark W. Mosier

*Counsel for Real-Parties-In-Interest – Defendants Meta Platforms, Inc., et al.*