IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

*In re* THE PEOPLE OF THE STATE OF CALIFORNIA,

*Petitioner.*

THE PEOPLE OF THE STATE OF CALIFORNIA,

*Petitioner - Plaintiff,*

– v. –

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

*Respondent.*

THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,

*Real-Parties-In-Interest – Plaintiffs,*

– v. –

META PLATFORMS INC., et al.,

*Real-Parties-In-Interest – Defendants.*

No. 25-584

**STATE AGS' REPLY IN SUPPORT OF REQUEST FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

**INTRODUCTION**

This mandamus action, which challenges a magistrate judge's order allowing Meta to obtain party discovery from nonparty state agencies ("Order"), raises federalism and state sovereignty concerns

1

that have the potential to affect the structure of state government throughout the country. For that reason, the State Attorneys General of Arizona, Colorado, Connecticut, Hawai'i, Illinois, Indiana, Kentucky, Maine, Maryland, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Dakota, Virginia, Washington, and West Virginia ("State AGs") joined the Petition brought by the Attorney General of California ("California AG") and requested an additional ten minutes at oral argument for a representative to collectively present argument on behalf of the State AGs. Meta opposes that request, arguing that the State AGs are not properly parties to this case and that this mandamus action is limited to the narrow question of whether the Order violates California law. Neither assertion is correct.

## ARGUMENT

I. **The State AGs' participation in oral argument will benefit the Court.**

Meta argues that "[t]his Court should deny [the State AGs'] motion for leave to participate in oral argument" because "it has not granted their motion to intervene." Dkt. 57.1, p. 4. This argument mischaracterizes the State AGs' role in this case. The State AGs *joined*

in the California AG's Petition "[p]ursuant to Fed. R. App. 28(i)." Dkt. No. 8.1, p. 1. They "did not seek to intervene." Dkt. 27.1, p. 4.

Rule 28(i) provides that: "In a case involving more than one appellant or appellee . . . any number of appellants or appellees *may* join in a brief, and any party *may* adopt by reference a part of another's brief.") Fed. R. App. 28(i) (emphasis added). The rule's use of the permissive "may" shows that leave of court is not required to join another party's brief. *See Fernadez v. Bock*, 840 F.2d 622, 632 (Ninth Cir. 1988) ("'May' is a permissive word."); *see also* 16AA Charles A. Wright & Arthur R. Miller, Fed. Prac & Proc. Juris. § 3974.5 (5th ed. 2024) (explaining that Rule 28(i) "preserv[es] the *right* of every party to the appeal to present . . . arguments" and gives parties "*permission* to incorporate appellate arguments by reference") (emphasis added). Because there was no need for the Court to rule on the State AGs' joinder, the lack of a ruling should not prevent the State AGs from participating in oral argument.

Meta next argues that the State AGs' "participation in oral argument would not benefit the court" because "the Petition presents only the question whether the Order 'contravenes California's

3

constitution and long settled state law.'" Dkt. 57.1, p. 6 (citing Dkt. 1.1). This argument construes the Petition too narrowly. The California AG "request[ed] that the Court issue a writ of mandamus directing the district court to grant the State Attorneys General[]s['] objection to the state-agency discovery order." Dkt. 1.1, p. 5. That objection was not brought by the California AG alone. Rather, it was brought by the entire coalition of State AGs prosecuting the underlying consumer protection lawsuit against Meta. Dkt. 1.1, p. 9. Therefore, if the Court grants the relief requested by California, it will benefit all State AGs, not just the California AG. The California AG acknowledges that the issue presented by its Petition transcends the borders of its state, arguing that "*the State Attorneys General* do not legally control independent third-party agencies or their documents." Dkt 1.1, p. 10 (emphasis added). Because the Petition raises the question of whether the order as a whole should be overturned, the Court would benefit from argument by all State AGs that will be affected by its decision.

     Meta further argues that the State AGs "have not identified any reason why [the] California [AG] will not adequately present its position at oral argument." Dkt. 57.1, p 5. That argument ignores the state-

4

specific analysis found in the Order and the district court's ruling affirming the Order. Both the magistrate judge and the district court considered whether each state's constitution, statutes, and case law gave the state's AG legal control over state agency documents. While the State AGs believe that the principles articulated in *In re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999) should apply identically to each of the states to preclude state agency discovery, they recognize that each state's constitution, statutes, and case law may be relevant to the Court's decision. This state-specific authority shows that, when structuring their governments, the states at issue chose to make their AGs independent officials. Because failing to account for the inability of independent AGs to obtain documents from executive branch agencies was a fundamental flaw in the Order, the Court may benefit from considering state-specific law. Therefore, the Court should have the opportunity to hear argument from all impacted State AGs,[1] not just the California AG.

---

[1] Given the logistical difficulties that would be involved in hearing argument from every State AG, the coalition will appoint a representative to collectively present argument on behalf of the State AGs.

Finally, Meta argues that "[i]f this Court were to grant [the State AGs] leave to participate in oral argument, it would effectively invite twenty States to raise new issues for the first time at oral argument." Dkt. 57.1, p. 5. However, as discussed above, the Petition raised the issue of whether the order erred in regard to *every* State AG. Dkt. 1.1, pp. 5, 9–10. So, allowing the State AGs to participate in oral argument would not raise any new issues.

## II. The State AGs should not split argument time with the California AG.

Meta argues that if the Court allows the State AGs to present argument, it should "require [the] California [AG] and [the State AGs] to split the argument time, and limit [the State AGs] to addressing the issues raised in the Petition."[2] Dkt. 57.1, p. 6. While the State AGs do not dispute that their interests are generally aligned with the California AG's interests in this case, they are not positioned

---

[2] The State AGs do not dispute that argument should be limited to the issues raised in the Petition. However, as discussed above, *see supra* Section I, the Petition raises the question of whether the Order as a whole should be overturned.

6

identically.³ For example, the California AG just filed a Rule 28(j) letter informing the Court that the California legislature passed a law clarifying that the California AG does not have legal control over state agency documents. Dkt. 60.1. Other states may have adopted different statutes, or no statute at all. Regardless, such an explicit statutory clarification is not needed for the Court to overturn the Order. Rather, this Court's jurisprudence on legal control, principles of federalism, and the scope of the attorney-client relationship show that the Order is fundamentally flawed. The State AGs should have the opportunity to present that broader argument.

Further, as discussed in prior briefing, the Order raises grave constitutional concerns. Dkt. 8.1, p. 3. Specifically, the Order "tramples over the principles of federalism and state sovereignty by ignoring the

---

³ These differences in position did not prevent the State AGs from joining the Petition. *See* 16AA Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3974.5 (5th ed. 2024) (explaining that Rule 28(i) "eliminate[s] needless repetition of arguments, while preserving the right of every party to the appeal to present those arguments that concern that party alone or that are not made by the other parties"). However, if the Court determines that the arguments of the State AGs and the California AG should be considered separately, the Court can treat the State AGs' joinder "as an independent mandamus petition." Dkt. 27.1, p. 6.

7

role of independently elected AGs." *Id*. The Order has also "wreaked havoc on the AGs' enforcement action against Meta—causing multiple states to drop out of the litigation and disrupting state government relations." Dkt. 8.1, p. 1. And the order's consequences extend beyond this enforcement action, as demonstrated "by defendants in other State Attorney General enforcement actions around the country" relying on the order for the "proposition that all instrumentalities of state government are subject to party discovery when a State Attorney General prosecutes in federal court." Dkt 1.1, p. 4. Because this case raises complex constitutional issues, and because this Court's decision will have wide ranging consequences for every State AG, it is appropriate to extend the time allotted for argument to ensure that all affected parties are heard.

Alternatively, Meta "requests a commensurate increase in its allotted oral argument time so that it may respond to [the State AGs'] arguments." Dkt. 57.1, p. 6. The State AGs do not oppose this request.

## CONCLUSION

For the foregoing reasons, the Court should grant the State AGs' request for an additional ten minutes for a representative to present argument.

Dated: July 7, 2025

         Respectfully Submitted,

         PHILIP J. WEISER
         Attorney General

         */s/Danny Rheiner*
         Shannon Stevenson* CO Bar No. 35542
         Solicitor General
         Krista Batchelder
         Deputy Solicitor General
         Danny Rheiner* CO Bar No. 48821
         Assistant Solicitor General
         1300 Broadway, 10th Floor
         Denver, CO 80203
         Telephone: (720) 508-6000
         Email: Danny.Rheiner@coag.gov
         *Attorneys for the State of Colorado*
          *Counsel of Record

| | |
|---|---|
| **MATTHEW J. PLATKIN** | **RUSSELL COLEMAN** |
| Attorney General | Attorney General |
| State of New Jersey | Commonwealth of Kentucky |
| | |
| */s/ Kashif T. Chand* | */s/ John H. Heyburn* |

| | |
|---|---|
| Kashif T. Chand (NJ Bar No. 016752008)<br>Section Chief, Deputy Attorney General<br>New Jersey Office of the Attorney General,<br>Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>Kashif.Chand@law.njoag.gov<br><br>*Attorney for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs* | John H. Heyburn<br>Principal Deputy Solicitor General<br>Office of Kentucky Attorney General<br>700 Capital Avenue, Suite 118<br>Frankfort, Kentucky 40601<br>(502) 696-5300<br>Jack.Heyburn@ky.gov<br><br>*Attorney for Plaintiff the Commonwealth of Kentucky* |

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing motion upon all parties herein by e-filing with the CM/ECF system maintained by the Court, this 7th day of July, 2025.

/s/ *Danny Rheiner*
Danny Rheiner

10