**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IN RE: PEOPLE OF THE STATE OF CALIFORNIA. | No. 25-584 |
| ──────────────────────────── | D.C. Nos. 22-MD-3047-YGR 4:23-cv-05448-YGR |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Plaintiff - Petitioner, | MEMORANDUM* |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND, | |
| Respondent, | |
| META PLATFORMS, INC.; META PAYMENTS, INC.; META PLATFORMS TECHNOLOGIES, LLC; INSTAGRAM, INC., | |
| Defendants - Real Parties in Interest, | |
| and | |
| STATE OF KENTUCKY; STATE OF | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

KANSAS; STATE OF ILLINOIS; STATE OF LOUISIANA; STATE OF SOUTH CAROLINA; STATE OF MARYLAND; STATE OF HAWAII; STATE OF INDIANA; STATE OF WISCONSIN; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF OHIO; STATE OF RHODE ISLAND; STATE OF NEW JERSEY; STATE OF NEBRASKA; STATE OF DELAWARE; STATE OF WASHINGTON; STATE OF MINNESOTA; STATE OF NORTH CAROLINA; STATE BAR OF ARIZONA; STATE OF IDAHO; STATE OF MAINE; STATE OF PENNSYLVANIA; STATE OF SOUTH DAKOTA; STATE OF MICHIGAN; STATE OF VIRGINIA; STATE OF OREGON; STATE OF NEW YORK,

        Plaintiffs - Real Parties in Interest.

Petition for a Writ of Mandamus

Argued and Submitted August 12, 2025
San Francisco, California

Before: RAWLINSON, BADE, and KOH, Circuit Judges.

A coalition of State Attorneys General (the State AGs) have brought an enforcement action against Meta Platforms, Inc., the parent company of Facebook, under various state consumer-protection statutes and the Children's Online Privacy

Protection Act of 1998, 15 U.S.C. § 6501 *et seq.* The State AGs allege that Meta designed intentionally addictive products that harm teenagers' mental health. During discovery, Meta requested the production of various nonparty state agency documents under Rule 34 of the Federal Rules of Civil Procedure, arguing that the documents are within the control of the State AGs. The State AGs objected, arguing that they do not have legal control over independent state agency documents. The district court rejected the State AGs' control argument and entered discovery orders requiring the State AGs to produce the requested documents.[1]

The People of the State of California, acting through the Attorney General of California, as well as the other State AGs, petition for a writ of mandamus directing the district court to grant their objections to the discovery orders. We GRANT the petition as it pertains to California and the Attorneys General of Arizona, Colorado, Connecticut, Hawaiʻi, Illinois, Indiana, Kentucky, Maine, Maryland, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, South Dakota, Virginia, Washington, and West Virginia, DENY it as it pertains to

---

[1] In September 2024, the magistrate judge issued an order requiring the State AGs to produce nonparty agency documents, and the State AGs moved for relief from that order before the district judge. In January 2025, while this motion for relief was pending, California filed the petition for writ of mandamus in this court. The other State AGs moved to join California's petition, and we granted that motion. In March 2025, the district judge granted in part and denied in part the State AGs' motion for relief.

the Attorney General of Pennsylvania, and DISMISS it as moot as it pertains to the Attorneys General of Delaware, Kansas, Louisiana, Nebraska, Rhode Island, South Carolina, and Wisconsin.

1. As an initial matter, we reject Meta's argument that California's petition, joined by the other State AGs, is moot because the documents requested from the California agencies have been produced. Discovery is ongoing, and Meta is likely to continue to argue that California and the State AGs control the documents of nonparty state agencies.[2] "A case is not moot if the challenged conduct can 'reasonably be expected to recur.'" *United States v. U.S. Dist. Ct.* (*In re United States*), 791 F.3d 945, 952 (9th Cir. 2015) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). We therefore consider the petition on the merits.

2. When weighing whether to grant mandamus relief, we consider (1) whether the petitioner has other adequate means to obtain relief, (2) whether the petitioner will be damaged or prejudiced in a way that cannot be corrected on appeal, (3) whether the district court's order is clearly erroneous, (4) whether the district court's order is an oft-repeated error, and (5) whether the district court's order raises new or important questions of law. *See Bundy v. U.S. Dist. Ct.* (*In re*

---

[2] The New York AG, for example, recently submitted a Federal Rule of Appellate Procedure 28(j) letter explaining that discovery disputes raising very similar issues remain ongoing before the magistrate judge.

*Bundy*), 840 F.3d 1034, 1040–41 (9th Cir. 2016). These factors are not exhaustive and should not be mechanically applied. *Id.* at 1041. But because the absence of clear error "will always defeat a petition for mandamus," *id.* (quoting *In re United States*, 791 F.3d at 955), we begin our analysis there.

Broadly, we agree with California and the State AGs that the discovery orders were clearly erroneous because they failed to require a showing of the existence of an attorney-client relationship between the Attorneys General and nonparty state agencies. Instead, the orders erroneously inferred the future existence of such a relationship as a result of Meta's attempt to force the nonparty state agencies into producing documents under Rule 34. Without an affirmative showing that an attorney-client relationship presently exists,[3] discovery of nonparty state agency documents should be conducted under Rule 45.

Although we are considering objections to discovery under the Federal Rules of Civil Procedure, *see 7-Up Bottling Co. of Jasper Inc. v. Archer Daniels Midland Co.* (*In re Citric Acid Litig.*), 191 F.3d 1090, 1107 (9th Cir. 1999) (outlining our test to determine control over a document in civil discovery), we must examine state law to determine whether the attorney general of a state

---

[3] Insofar as the parties litigated this case at the extremes, we reject both the view that a state attorney general *never* has control over the documents of a nonparty state agency and the view that a state attorney general *always* has control over the documents of a nonparty state agency.

controls the documents of nonparty state agencies. Meta's argument that state law carries no significance in this context is unpersuasive.

In particular, California has shown that the magistrate judge and district judge clearly erred by failing to follow *People ex rel. Lockyer v. Superior Court*, 19 Cal. Rptr. 3d 324 (Cal. Ct. App. 2004). There, the California Court of Appeal "conclude[d] that the People," when prosecuting an enforcement action, "are not deemed to have possession, custody or *control* over documents of any state agency," and therefore "[s]uch documents must be obtained by a subpoena." *Id.* at 337 (emphasis added). Although the magistrate judge and the district judge both cited *Lockyer* in the discovery orders, neither gave it controlling weight. They distinguished *Lockyer* for failing to apply Rule 34 or *Citric Acid*, but the California Court of Appeal performed an analogous control analysis. *Id.* at 337–39. Moreover, *Lockyer* cannot be faulted for failing to discuss either Rule 34 or *Citric Acid* because *Lockyer* was a California state case. The magistrate judge's and district judge's failure to follow *Lockyer* was clear error.[4]

In addition to showing clear error, the State AGs also sufficiently satisfy the other mandamus factors. We reject Meta's argument that the Attorneys General were required to incur sanctions before they could challenge the discovery orders.

---

[4] Because we hold that it was clear error to fail to follow *Lockyer*, we need not consider the impact of Assembly Bill 137, 2025–26 Reg. Sess. (Cal. 2025), which codified that case.

*See U.S. Dep't of Educ. v. U.S. Dist. Ct.* (*In re U.S. Dep't of Educ.*), 25 F.4th 692, 705 (9th Cir. 2022) ("[C]ourts have routinely found that, in cases involving high-level government officials, there are no other means of relief beyond mandamus because to disobey the subpoena, face contempt charges, and then appeal would not be appropriate for a high-ranking government official."). And we have previously held that it is an appropriate exercise of mandamus authority "to address 'particularly important questions of first impression' regarding discovery, evidentiary, and other procedural issues." *Kirkland v. U.S. Bankr. Ct.* (*In re Kirkland*), 75 F.4th 1030, 1041 (9th Cir. 2023) (quoting *Perry v. Schwarzenegger*, 591 F.3d 1147, 1157 (9th Cir. 2010)). Given the federalism concerns at issue, this is one such case. *See Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 470 (2018) (discussing our dual-sovereignty system of state and federal powers). And although litigation costs rarely constitute prejudice for mandamus purposes, *Swift Transp. Co. v. U.S. Dist. Ct.* (*In re Swift Transp. Co.*), 830 F.3d 913, 916 (9th Cir. 2016), that high bar is met here. California, for example, has represented that complying with the discovery orders has required the expenditure of millions of dollars in public funds and "strained" the ability of California state agencies "to perform essential public functions."

Mandamus relief is therefore appropriate for California and the Attorneys General of Arizona, Colorado, Connecticut, Hawai'i, Illinois, Indiana, Kentucky,

Maine, Maryland, Minnesota, New Jersey, New York,[5] North Carolina, Ohio, Oregon, South Dakota, Virginia, Washington, and West Virginia.

3. We deny mandamus relief to the Pennsylvania AG because Pennsylvania law explicitly grants his office control over the documents of nonparty state agencies. *See* 71 Pa. Stat. and Cons. Stat. § 732-208 (West 2025) ("The Office of Attorney General shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties under this act."). Therefore, the Pennsylvania AG cannot show clear error in the discovery orders.

4. We dismiss as moot the petitions of the Attorneys General of Delaware, Kansas, Louisiana, Nebraska, Rhode Island, South Carolina, and Wisconsin because the district judge already granted these states relief from the magistrate judge's order. Therefore, "the issues presented" by these states' Attorneys General "are no longer live" and there is not "a present controversy as to which effective relief can be granted." *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 933 (9th Cir. 2008) (quoting *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007)).

---

[5] If further discovery is sought from nonparty New York state agencies, the magistrate judge and the district judge should consider in the first instance what impact, if any, the recent enactment of Senate Bill S3005C, 2025–26 Leg. Sess. (N.Y. 2025), has on the New York AG's control of the documents of nonparty state agencies.

25-584

**PETITION GRANTED IN PART, DENIED IN PART, AND DISMISSED IN PART.**